**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, *as Trustee for Long Beach Mortgage Loan Trust 2006-3*, | CIVIL ACTION NO. 3:12-CV-0053 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| LOUIS PITTARI, | |
| Defendant. | |

## <u>MEMORANDUM</u>

Presently before the Court is Defendant Louis Pittari's Motion to Dismiss for Lack of Jurisdiction. Because Plaintiff Deutsche Bank National Trust Company properly complied with the jurisdictional requirements of the Homeowner's Emergency Mortgage Act, Mr. Pittari's motion will be denied.

## I. Background

The facts as alleged in the complaint are as follows: Mr. Pittari granted a mortgage to Long Beach Mortgage Company on February 15, 2006. Deutsche Bank is currently an assignee of the mortgage. Sometime around September 2010, Mr. Pittari fell delinquent in his monthly mortgage payments.

On December 2, 2010, Deutsche Bank sent Mr. Pittari notice of foreclosure proceedings pursuant to the Homeowner's Emergency Mortgage Act, 35 Pa. Con. Stat. §§ 1680.401c *et seq.* ("Act 91"). On January 9, 2012, it filed a complaint in mortgage foreclosure. Mr. Pittari filed the instant motion to dismiss on February 10, 2012. The

motion has been fully briefed and is ripe for disposition.

## II. Standard of Review

Mr. Pittari brings his motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6), which provides for the dismissal of a complaint, in whole or in part,

for failure to state a claim upon which relief can be granted.[1]  Dismissal is appropriate

only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded

"enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a

reasonable expectation that discovery will reveal evidence of'" each necessary element,

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550

U.S. at 556).  A defendant bears the burden of establishing that a plaintiff's complaint

fails to state a claim.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir.

2000).

## III. Discussion

Mr. Pittari argues that Deutsche Bank failed to satisfy the jurisdictional

requirements of Act 91. Under Act 91, no mortgagee may commence a foreclosure

action without first giving notice to the mortgagor. 35 Pa. Con. Stat. § 1680.402c(a).

"[T]he notice requirements pertaining to foreclosure proceedings are jurisdictional, and,

---

[1] Although Mr. Pittari's motion is labeled as a "Motion to Dismiss for Lack of Jurisdiction," he properly brings it pursuant to Rule 12(b)(6) and not Rule 12(b)(1), which deals with challenges based on a lack of subject matter jurisdiction. *See United States v. Mikolaitis*, 682 F. Supp. 798, 799 n.1 (M.D. Pa. 1988) (stating that a challenge to a mortgage foreclosure complaint based on a failure to comply with Act 91's notice provision is properly construed as a 12(b)(6) motion for failure to state a claim and not a 12(b)(1) motion for lack of subject matter jurisdiction).

where applicable, a failure to comply therewith will deprive a court of jurisdiction to act." *Phila. Hous. Auth. v. Barbour*, 592 A.2d 47, 48 (Pa. Super. Ct. 1991). Mr. Pittari cites to *Beneficial Consumer Discount Co. v. Vukmam*, No. 259 WDA 2011, 2012 WL 258674, at *3-4 (Pa. Super. Ct. Jan. 30, 2012), for the proposition that this notice must advise the mortgagor that he has thirty days to have a face-to-face meeting with the mortgagee. The Act 91 Notice issued by Deutsche Bank did not include this language. *See* Compl. Ex. D.

Mr. Pittari's argument fails because it is based on a prior version of Act 91. Act 91 was amended July 8, 2008 (effective September 8, 2008), and the amended version omits the language about a face-to-face meeting with the mortgagee. *See* Homeowner's Emergency Mortgage Act, Pub. L. 841, No. 60, § 2 (2008) (codified as amended at 35 Pa. Con. Stat. §§ 1680.401c *et seq.*). *Vukman*, although recently decided, involved Act 91 Notice given prior to the statute's amendment. 2012 WL 258674 at *3 (quoting Act 91 "at the time relevant to this appeal"). Under the current version of Act 91, the notice to the mortgagee need only offer the mortgagee thirty days to meet with a consumer credit counseling agency. § 1680.403c(b)(1). The Act 91 notice provided by Deutsche Bank complied with this requirement. Compl. Ex. D. Because Deutsche Bank satisfied the jurisdictional requirements of Act 91, dismissal is not appropriate.

## IV. Conclusion

For the reasons stated above, Mr. Pittari's motion to dismiss will be denied.  An appropriate order follows.


 March 30, 2012                                                          /s/ A. Richard Caputo
Date                                                                    A. Richard Caputo
                                                                        United States District Judge